Index No.: 19-cv-7837

ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------------------------------

Board of Trustees of the Westchester Putnam Counties Heavy &amp; )
Highway Laborers' Local No. 60 Pension Fund, Welfare )
Fund, Annuity Fund, Apprentice and Training Fund, Legal )
Services Fund, Industry Advancement Fund, the New York State )
Laborers Employers Cooperation and Education and Trust Fund and )
the Laborers Local 60 and Construction Industry Council of )
Westchester and Hudson Valley, Inc. Joint Industry Labor Management )
Fund, and the Westchester Putnam Counties Heavy and Highway )
Laborers' Local No. 60, )
  )
                         Plaintiffs, )  **COMPLAINT**
  )
         -against- )
  )
  )
WJL Equities Corp., CNB Contracting Corp., WJL Corporation, )
WJL Construction Corp., Danielle Buenaventura, William Lougheed, )
and ABC Corporations 1-10, )
  )
  )
                   Defendants. )

---------------------------------------------------------------------------------------------------------------

The Board of Trustees of the Westchester Putnam Counties Heavy and Highway Laborers'

Local No. 60 Pension Fund, Welfare Fund, Annuity Fund, Apprentice and Training Fund, Legal Services

Fund, Industry Advancement Fund, the New York State Laborers Employers Cooperation and Education and

Trust Fund, and the Laborers Local 60 and Construction Industry Council of Westchester and Hudson

Valley, Inc. Joint Industry Labor Management Fund, (hereinafter collectively referred to as the "Funds" or

"Benefit Funds") and the Westchester Putnam Counties Heavy and Highway Laborers' Local No. 60

("Union" or "Local 60") by and through their attorneys, Barnes, Iaccarino &amp; Shepherd LLP, allege as

follows:

1

JURISDICTION AND VENUE

1. This is a civil action brought, *inter alia*, pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. Sections 1001-1461 (hereinafter referred to as "ERISA") and under section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as "Taft-Hartley Act") (29 U.S.C. Section 185).

2. Jurisdiction is conferred upon this Court by Sections 502 and Section 4301 of ERISA (29 U.S.C. Sections 1132, and 1451 and by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1327.

3. Venue properly lies in this District under the provisions of Section 502(e)(2) and 4301(d) of ERISA (29 U.S.C. Section 1132(e)(2)); Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities to seek injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract with defendant WJL Equities Corp. ("WJL Equities") to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs and to permit and cooperate in the conduct of an audit of the books and records of defendants. This complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds and Union when due, Defendants violated their Trade Agreement or Agreements.

5. The Trustees of the respective Funds, in their fiduciary capacities seek to hold defendant WJL Equities liable for unpaid benefit fund contributions; the Union seeks to hold WJL Equities liable for dues/check off and political action fund deductions taken from the employee Union members' paychecks ("Union deductions and contributions") by WJL Equities.

2

6.  The Trustees of the Funds and the Union seek to hold WJL Construction Corp., WJL Corporation, and CNB Contracting Corp. liable for the unpaid benefit fund contributions and Union deductions and contributions owed respectively by signatory company WJL Equities Corp. to the Funds and the Union as alter ego/single employer/successor entities to WJL Equities.

7.  The Trustees of the Funds and the Union seek to hold defendants Danielle Buenaventura and William Lougheed, individually and jointly liable for the benefit fund contributions and Union deductions and contributions that were deducted directly from the employee members' wages.

8.  The Trustees of the Pension Fund in their fiduciary capacities seek judgment against WJL Equities for the withdrawal liability for its allocated share of the unfunded vested liabilities of the Pension Fund.

9.  The Trustees of the Pension Fund in their fiduciary capacities seek judgment against WJL Construction Corp., WJL Corporation, CNB Contracting Corp., and all other trades or business under common control with WJL Equities, jointly and severally for the withdrawal liability as required by ERISA.

PARTIES

10.  The Plaintiff Trustees are, at all relevant times hereto, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21) and Section 502 of ERISA (29 U.S.C. Sections 1002 and 1132) and bring this action in their fiduciary capacity.

11.  The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Agreements and Trust Indentures in accordance with Section 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5) and (c)(6)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37), 515, and 4001(a)(3) of ERISA (29 U.S.C. Sections 1002(37), 1145, and 1301(a)(c)).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)). The

3

Trustees of the Funds are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. Sections 1002(21) and 1132),

12. The Funds provide various fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to the Collective Bargaining Agreement  (hereinafter referred to as the "CBA" or  "Agreement") between employers in the heavy and highway laborers industry and the Westchester Putnam Counties Heavy & Highway Laborers' Local No. 60. Union. The Funds and are authorized to collect contributions, which include, but are not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits, supplemental employment benefits, administrative funds, training, legal services, education and political funds on behalf of the employees of the Employers.

13. Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement, the Trust Indentures and the Policy for Collection of Delinquent Contributions that concern the protection of employee benefit rights.

14. The Funds maintain their offices for the transaction of business at 140 Broadway, Hawthorne, New York 10532, County of Westchester.

15. Plaintiff Union is, at all material times hereto, a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

16. The Plaintiff Union maintains an office for the transaction of business at 140 Broadway, Hawthorne, New York, 10532, County of Westchester.

17. Upon information and belief, the defendant, WJL Equities Corp. ("WJL Equities" or "Employer") was at all relevant times hereto, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and executed an Agreement or Agreements with the Union during the relevant time periods involved herein and/or was and still is a party to an Agreement or Agreements with the Union by virtue of membership in the Construction Industry Council of Westchester and Hudson Valley, Inc.

18. Upon information and belief, WJL Equities, at all relevant times hereto, was and/or is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York. The principal place of business was, upon information and belief, 1140 Grinnell Place, Bronx, New York 10474 from on or about 2016 until the company ceased doing business, upon information and belief, on or about the end of 2017.

19. Upon information and belief, WJL Construction Corp. ("WJL Construction") at all relevant times hereto, was and is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 1140 Grinnell Place, Bronx, New York, 10474.

20. Upon information and belief, WJL Corporation ("WJL Corporation") at all relevant times hereto, was and is a business entity owned and operated by the principals of WJL Equities, and which made payments for benefit contributions owed by WJL Equities from an account identified as an "operating account." The address on the check is P.O. Box 325, Tuckahoe, NY 10708.

21. Upon information and belief, CNB Contracting Corp. ("CNB" or "CNB Contracting") at all relevant times hereto, was and is a for profit domestic corporation duly organized and existing pursuant to the laws of the States of New York with its principal place of business at 1140 Grinnell Place, Bronx, New York 10474.

5

22. Upon information and belief, William Lougheed and/or Danielle Buenaventura ("Husband" and "Wife" respectively, or "Principals") were each and together the principals, owners, managers, supervisors and comptrollers of WJL Equities, WJL Construction Corp., WJL Corporation and CNB Contracting Corp. William Lougheed and Danielle Buenaventura were and/or are, upon information and belief, married.

23. Defendants "ABC Corporations 1-10" are any companies that may be trades or businesses under common control with WJL Equities, as defined by Section 4001(b)(1) of ERISA (29 U.S.C. Sec. 1301(b)(1), that have not yet been identified by Plaintiffs.

<u>AFFILIATION OF DEFENDANTS</u>

24. WJL Equities executed collective bargaining agreements ("CBA" or "Agreement") with Local 60, and thereby agreed to comply with and to be bound by all of the provisions of the CBA and the Trust governing each of the Funds.

25. WJL Equities was owned, managed, supervised, and controlled by principals William Lougheed and his wife Danielle Buenaventura. The Union and the Funds regularly interacted with both Mr. Lougheed and Ms. Buenaventura (hereinafter "Mr. Lougheed" or "Husband") and ("Ms. Buenaventura" of "Wife"). The Wife is identified as the Chief Executive Officer of WJL Equities with the NYS Department of State. The corporate address in 2016-2017 was 1140 Grinnell Place, Bronx, NY  10474. The phone number listed for WJL Equities in the "Blue Book Building & Construction" is (718) 618-7630.

26. Upon information and belief, the Husband and/or the Wife managed, operated, and controlled WJL Equities' assets, equipment, payroll and employees, customers, and labor relations.

27. Upon information and belief, the Wife and/or Husband were the sole principals and shareholders, of WJL Equities. Upon information and belief, the Wife and/or Husband controlled and managed the finances, were responsible for the benefit fund contributions and deductions taken from the union members paychecks.

28. WJL Equities was a full service construction company, that worked in trucking, concrete, masonry, excavation, sheet and pipe piling, restoration of roads, asphalt milling, paving and various types of utility work.

29. Upon information and belief, WJL Construction was and/or is owned, managed, supervised, and controlled by principals Husband and Wife. The initial Filing date with the NYS Department of State, Division of Corporations ("Department of State") for WJL Construction is December 2, 2015. The Wife is listed as the contact for the service of Process on the Corporation with the Department of State. Additionally, the Wife signed the Certificate of Incorporation for WJL Construction as the "Incorporator" at 1140 Grinnell Place, Bronx, NY 10474.

30. Upon information and belief, the Husband and/or the Wife managed, operated, and controlled WJL Constructions' assets, equipment, payroll and employees, customers, and labor relations, and the operations of WJL Construction were and/or are intertwined with WJL Equities, and did have a single employer and/or alter ego relationship to WJL Equities.

31. Upon information and belief, WJL Corporation was and/or is managed, operated and controlled by principals Husband and Wife. The Wife signed benefit fund contribution checks from WJL Corporation to the Funds. Upon information and belief WJL Corporation operated out of and was located at 1140 Grinnell Place, Bronx, NY 10474.

32. WJL Corporation was and/or is related to, or operating within WJL Equities, and was financially intertwined with WJL Equities. As noted, WJL Corporation made benefit fund contributions on behalf of WJL Equities in 2016. "WJL Corporation" is not listed with New York State Department of Corporations, and upon information and belief is an entity controlled and managed by the Husband and Wife. WJL Corporation is a trade or business under common control with WJL Equities.

33. Upon information and belief, CNB Contracting was and/or is owned, managed, supervised, and controlled by principals Husband and Wife. Upon information and belief, the Wife and/or Husband were the

7

sole principals and shareholders of CNB Contracting, and control and manage the finances of CNB Contracting.

34. The Husband is identified as the Chief Executive Officer and individual for Service of Process for CNB Contracting, and its corporate address on its 2018 Biennial Statement with the Department of State is 1140 Grinnell Place, Bronx, NY 10474. The initial filing date is May 16, 2014 with the Department of State. The phone number listed for CNB Contracting in the "Blue Book Building & Construction" is (718) 618-7630.

35. Upon information and belief, several of the union members who worked for WJL Equities now work for CNB Contracting.

36. Upon information and belief CNB Contracting is a full service construction company, that worked in trucking, concrete, masonry, excavation, sheet and pipe piling, restoration of roads, asphalt milling, paving and various types of utility work.

37. Upon information and belief, the same bookkeeper, receptionist, and other employees of WJL Equities now work for CNB Contracting Corp.

38. Upon information and belief, equipment, including trucks and other vehicles were transferred from WJL Equities to CNB Contracting.

39. Upon information and belief, CNB Contracting has some of the same customers of WJL Equities.

40. WJL Equities, WJL Construction, and CNB Contracting Corp. all shared the same corporate address, 1140 Grinnell Place, Bronx, NY 10474. WJL Equities and CNB Contracting Corp. share the same phone number listing, and the nature of their businesses is upon information and belief, identical.

41. WJL Equities, WJL Construction, WJL Corporation and CNB Contracting Corp. were and/or are all owned, managed, supervised, and had their business and finances controlled by principals Husband William Lougheed and/or Wife Danielle Buenaventura.

42. Upon information and belief, the purpose of incorporating WJL Construction and CNB Contracting Corp was to facilitate the transfer of the business and/or finances, equipment, and/or other assets from WJL Equities in order to evade the contractual obligations WJL Equities had with the Union and Funds. Each was a sham transaction or a technical change in operations motivated by its attempt to avoid the payment of contributions to the Funds.

## PRIOR JUDGMENT AGAINST WJL EQUITIES CORP. (Period: December, 2013 – October, 2014)

43.  On July 21, 2017 a Judgment by Confession was entered by the Plaintiffs against WJL Equities Corp. for $423,770.50. (Index No. 26523/2014, Supreme Court of the State of New York, County of Westchester) for benefit fund contributions, and Union deductions and contributions owed to the Funds for the period of December, 2013 through October, 2014.

## ADDITIONAL CONTRIBUTIONS AND DEDUCTIONS (PERIOD: November, 2014-June, 2017)

44. WJL Equities owes estimated additional unpaid benefit fund contributions and Union deductions and contributions to the Funds and Union, respectively, for the period November, 2014 through June, 2017 totaling $38,441.67, plus interest, liquidated damages, attorney's fees, costs and disbursements.

## WITHDRAWAL LIABILITY

45.  Upon information and belief, on or about June, 2017 WJL Equities permanently ceased covered operations under the Westchester Putnam Counties Heavy and Highway Laborers' Local No. 60 Pension Fund ("Plan") and/or permanently ceased to have an obligation to contribute to the Pension Fund, thereby withdrawing from the Plan, within the meaning of Section 4203(a) of ERISA, 29 U.S.C. Section 1383(a).

46. As a result of its complete withdrawal from the Plan, WJL Equities became liable to the Pension Fund for $231,759.00 pursuant to Section 4201 of ERISA, 29 U.S.C. Section 1381, as further detailed below.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

47. Pursuant to the terms of the Agreements, Collection Policy, and any Trusts and Section 515 of ERISA (29 U.S.C. Sec. 1145), employers are required to pay contributions to the Funds and Union in accordance with the terms and conditions of the Agreements.

48. Failure to make such payment or timely payment constitutes a violation of the Agreements, Collection Policy, the Trusts and Section 515 of ERISA (29 U.S.C. Sec. 1145).

49. The Agreements, the Collection Policy, the Trust and Section 502 of ERISA (29 U.S.C. Sec. 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds and Union shall be awarded the unpaid contributions, plus interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Contributions owed by WJL Equities pursuant to the Agreements)

50. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "49" of this Complaint as if fully set forth at length herein.

51. The Funds' records reveal that defendant WJL Equities failed to make fringe benefit contributions and Union deductions and/or submit the contribution reports to Plaintiffs when due for the period of November, 2014 through on or about June, 2017 in the minimum estimated amount of $38,441.67 plus late charges/interest, liquidated damages, attorneys' fees, court costs and disbursements.

52. These amounts are due and owing to the Funds and are based upon information supplied by the Employer and/or employees which amount is subject to an audit by the Funds' Office.

53. Defendant WJL Equities' failure to make payment constitutes a violation of the Agreements, the Collection Policy, the Trust Agreements, and Section 515 of ERISA (29 U.S.C. Section 1145).

54. Pursuant to the terms of the Agreements, Collection Policy and Trust Agreements, as a result of WJL Equities' failure to pay the aforesaid contributions, there is due and owing to the Funds from defendant WJL Equities the minimum amount of $38,441.67 plus late charges/interest, liquidated damages, attorneys' fees, court costs and disbursements.

55. No part of the aforesaid contributions contractually due has been paid by WJL Equities.

56. WJL Equities' failure, refusal or neglect to remit the proper contributions, reports and late charges to the Plaintiffs constitutes a violation of the Agreements between the Employer and the Union wherein the Funds are third party beneficiaries.

57. Accordingly, pursuant to the Agreements, the Collection Policy, the Trust Agreements and Section 515 of ERISA (29 U.S.C. Section 1145), defendant WJL Equities is liable to the Funds in the minimum estimated amount of $38,441.67 in unpaid contributions for the period of November, 2014 through June, 2017, plus late fees/interest, liquidated damages, court costs and disbursements and reasonable attorneys' fees.

<u>AS AND FOR A SECOND CLAIM FOR RELIEF</u>
(Contributions owed by WJL Corporation, WJL Construction, and CNB Contracting -Alter Ego, Single Employer and/or Successor Liability)

58. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "57" of this Complaint as if fully set forth at length herein.

59. Upon information and belief, defendants WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting were part of a single integrated enterprise and were a single employer.

11

60. Upon information and belief, they shared an interrelation of operations, common management, centralized control of their labor relations and common ownership, and were owned, operated and managed by the same principals.

61. Upon information and belief, all four companies perform(ed) and/or transferred, subcontracted, assigned contracting and construction work in the same geographic location. They are/were controlled, managed and operated by the same common ownership, shared common employees and professionals, and upon information and belief commingled assets and property. Upon information and belief, they had the same customers.

62. All four entities operated out of the same address. WJL Equities and CNB Contracting share the same phone number in their "Blue Book Building & Construction" listings, and, upon information and belief, the nature of the work performed is identical. WJL Corporation issued benefit fund contribution checks on behalf of WJL Equities.

63. Accordingly, WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting constitute a single employer and their employees constitute a single bargaining unit, and are bound to the Trade Agreements of the other. As nominally distinct entities that are part of a single integrated enterprise, WJL Corporation, WJL Construction, and CNB Contracting are bound to the financial debts and obligations under WJL Equities' Agreements with the Union.

64. In the alternate, WJL Corporation, WJL Construction, and CNB Contracting are alter-ego/successor entities of WJL Equities, and are disguised continuances of WJL Equities through sham transaction(s) or technical change(s) in operations.

65. WJL Equities became increasingly delinquent in contributions in the years prior to ceasing its operation. WJL Corporation, WJL Construction and CNB Contracting are disguised continuances and/or alter-egos of WJL Equities in an attempt by WJL Equities to avoid its obligations under the Agreements with the Union through sham transaction(s) or technical change(s) in obligations.

12

66. Accordingly, pursuant to the Agreements, the Collection Policy, the Trust Agreements and Section 515 of ERISA (29 U.S.C. Section 1145), defendants WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting are jointly and severally liable to the Funds in the minimum amount of $38,441.67 in unpaid contributions for the period of November, 2014 through June, 2017, plus late fees/interest, liquidated damages, court costs and disbursements and reasonable attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Contributions owed by WJL Equities in accordance with ERISA)

67. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "66" of this Complaint as if fully set forth at length herein.

68. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreements and Trust Indentures.

69. WJL Equities failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 115).

70. Section 502(g) of ERISA (29 U.S.C. Section 1132(g)) provides that upon a finding of employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreements, the Court shall award payment to Plaintiff Funds of the unpaid fringe benefit contributions, plus statutory damages and late fees/interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees costs and disbursements incurred in the action.

71. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants, beneficiaries, and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

72. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions,  interest, liquidated damages, reasonable attorneys' fees, court costs, and such other fees the court deems appropriate under Sections 502(g) and 515 of ERISA (29 U.S.C. Sections 1132(g) and 1145) due to the failure to pay contributions when they are due.

73. Accordingly, WJL Equities is liable to the Funds in the minimum principal amount of $38,441.67 in unpaid contributions for the period of November, 2014 through June, 2017, plus late fees/interest, liquidated damages, court costs and disbursements and reasonable attorneys' fees pursuant to Section 502(g) ERISA (29 U.S.C. Section 1132(g)).


### AS AND FOR A FOURTH CLAIM FOR RELIEF
(Contributions owed by WJL Corporation, WJL Construction, and CNB Contracting in accordance with ERISA)

74. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "73" of this Complaint as if fully set forth at length herein.

75.  Defendant WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting were part of a single integrated enterprise and were a single employer.

76.  Upon information and belief, they shared an interrelation of operations, common management, centralized control of their labor relations and common ownership, and were owned, operated and managed by the same principals.

77.  Upon information and belief, the companies perform(ed) and/or transferred, subcontracted, assigned contracting and construction work in the same geographic location. They are/were controlled, managed and operated by the same common ownership, shared common employees and professionals, and

14

upon information and belief commingled assets and property. Upon information and belief, the companies had the same customers.

78. All four entities operated out of the same address. WJL Equities and CNB Contracting share the same phone number in their "Blue Book Building & Construction" listings, and, upon information and belief, the nature of the work performed is identical. WJL Corporation issued benefit fund contribution checks on behalf of WJL Equities.

79. Accordingly, WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting constitute a single employer and their employees constitute a single bargaining unit, and are bound to the Trade Agreements of the other. As nominally distinct entities that are part of a single integrated enterprise, WJL Corporation and CNB Contracting are bound to the financial debts and obligations under WJL Equities' Agreements.

80. In the alternate, WJL Construction, WJL Corporation, and CNB Contracting are alter-ego/successor entities of WJL Equities. WJL Corporation, WJL Construction and CNB Contracting are disguised continuances of WJL Equities through sham transaction(s) or technical change(s) in operations.

81. WJL Equities became increasingly delinquent in contributions in the years prior to ceasing its operation. WJL Corporation, WJL Construction and CNB Contracting are disguised continuances of WJL Equities in an attempt by WJL Equities to avoid its obligations under the Agreements with the Union through a sham transaction or technical change in obligations.

82. Accordingly, pursuant to the Agreements, the Collection Policy, the Trust Agreements and Section 515 of ERISA (29 U.S.C. Section 1145), defendants WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting are jointly and severally liable to the Funds in the minimum amount of $38,441.67 in unpaid contributions for the period of November, 2014 through June, 2017, plus late fees/interest, liquidated damages, court costs and disbursements and reasonable attorneys' fees pursuant to Section 502(g) of ERISA (29 U.S.C. Section 1132(g)).

AND FOR A FIFTH CLAIM FOR RELIEF
(claim for WJL Equities Judgment for Benefit Fund Contributions against WJL Construction, WJL Corporation, and CNB Contracting)

83. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "82" of this Complaint as if fully set forth at length herein.

84. Defendant WJL Equities defaulted upon a Settlement Agreement for contributions owed for the period of December, 2013 through October, 2014.

85. Thereafter, Plaintiff's filed the Confession of Judgment less payments made for a Grand Total of $423,770.50 (Index No. 26523/2014, Supreme Court of the State of New York, County of Westchester). Judgment was entered for $423,770.50 on July 21, 2017.

86. The judgment entered against WJL Equities remains unsatisfied.

87. Upon information and belief, the companies shared an interrelation of operations, common management, centralized control of their labor relations and common ownership, and were owned, operated and managed by the same principals.

88. Upon information and belief, all four companies perform(ed) and/or transferred, subcontracted, assigned contracting and construction work in the same geographic location. They are/were controlled, managed and operated by the same common ownership, shared common employees and professionals, and upon information and belief commingled assets and property. Upon information and belief, the companies had the same customers.

89. All four entities operated out of the same address. WJL Equities and CNB Contracting share the same phone number in their "Blue Book Building & Construction" listings, and, upon information and belief,  the nature of the work performed is identical. WJL Corporation issued benefit fund contribution checks on behalf of WJL Equities.

90. Accordingly, WJL Equities, WJL Corporation, and WJL Construction, and CNB Contracting constitute a single employer and their employees constitute a single bargaining unit, and are bound to the Trade Agreements of the other. As nominally distinct entities that are part of a single integrated enterprise, WJL Corporation, WJL Construction, and CNB Contracting are bound to the financial debts and obligations under WJL Equities' Agreements with the Union.

91. In the alternate, WJL Construction, WJL Corporation, and CNB Contracting are alter-ego/successor entities of WJL Equities. WJL Construction, WJL Corporation, and CNB Contracting are disguised continuances of WJL Equities through sham transaction(s) or technical change(s) in operations.

92. WJL Equities became increasingly delinquent in contributions in the years prior to ceasing its operation. WJL Construction, WJL Corporation, and CNB Contracting are disguised continuances of WJL Equities in an attempt by WJL Equities to avoid its obligations under the Agreements with the Union through sham transaction(s) or technical change(s) in obligations.

93. Upon information and belief, WJL Corporation, WJL Construction, and CNB Contracting were part of a single integrated enterprise and were an alter-ego and/or single employer and/or successor entities to WJL Equities.

94. As such, WJL Corporation, WJL Construction, and CNB Contracting are jointly and severally liable for the $423,770.50 Judgment owed by WJL Equities for fringe benefit fund contributions and union deductions and contributions.

## AND FOR A SIXTH CLAIM FOR RELIEF
(Conversion claim against Principals for Personal Liability union deductions from paychecks)

95. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "94" of this Complaint as if fully set forth at length herein.

96. Defendants Danielle Buenaventura and/or William Lougheed were and/or are the sole principals and shareholders of WJL Equities. The Wife and/or Husband managed, operated, and controlled WJL Equities' assets, equipment, payroll, employees, customers and labor relations.

97. Upon information and belief, the Wife and/or Husband controlled and managed the finances, and were responsible for the benefit fund contributions and deductions taken from the union members paychecks.

98. Pursuant to the Collective Bargaining Agreement between WJL Equities and the Union, certain monies were deducted (after taxes) from the employees paychecks.

99. Upon information and belief, the Dues Checkoff and Political Action Fund deductions were made from the employee paychecks after taxes were deducted, by the Wife and/or the Husband.

100. Upon information and belief, the Wife and/or Husband had an obligation to segregate and remit the monies deducted from the union member paychecks.

101. The Wife and/or Husband did convert those funds by exercising unauthorized dominion over the funds in interference with the Union and Funds superior right of possession.

102. The estimated total amount of Dues Checkoff monies that were deducted from the union members' employee paychecks and then not remitted to the Union from December, 2013 through June, 2017 totals $22,387.52 plus interest, costs and disbursements and attorney's fees.

103. The estimated total amount of Political Action Fund monies that were deducted from the union members' employee paychecks and then not remitted to the Union from December, 2013 through June, 2017 totals $1,515.15 plus interest, costs and disbursements, and attorney's fees.

104. The Wife and/or Husband are jointly and severally liable for the conversion of monies totaling $23,902.67 that were deducted from the paychecks of employees and then not remitted to the Union pursuant to the terms of the Collective Bargaining Agreement between the parties.

<u>AND FOR A SEVENTH CLAIM FOR RELIEF</u>
(Fiduciary claim against Principals for Personal Liability for benefit fund deductions from paychecks)

105.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "104" of this Complaint as if fully set forth at length herein.

106. Defendants Danielle Buenaventura and/or William Lougheed were and/or are the sole principals and shareholders of WJL Equities. The Wife and/or Husband managed, operated, and controlled WJL Equities' assets, equipment, payroll, employees, customers and labor relations.

107. Upon information and belief, the Wife and/or Husband controlled and managed the finances, were responsible for the benefit fund contributions and deductions taken from the union members' paychecks.

108. Pursuant to the Collective Bargaining Agreement between WJL Equities and the Union, Legal Fund contributions were deducted (after taxes) from the employees paychecks by the Wife and/or the Husband.

109. Upon information and belief, the Wife and/or Husband exercised discretionary authority and control regarding the management of the deducted monies.

110. Upon information and belief, the Wife and/or Husband were responsible for authorizing and making payments to the benefit funds.

111. The Wife signed the benefit fund checks that were made to the Funds.

112. Upon information and belief, the Wife and Husband were the sole principals of WJL Equities. They were solely responsible for the finances of the company.

113. The Wife and/or Husband are personally liable for the Legal Fund deductions as fiduciaries of those monies pursuant to 29 U.S.C. Sec. 1002(21)(A)(i).

19

114. The estimated total amount of Legal Fund monies that were deducted from the union member employee paychecks and then not remitted to the Legal Fund from December, 2013 through June, 2017 totals $2,606.58 plus interest, costs and disbursements and attorney's fees.

AND FOR A EIGHTH CLAIM FOR RELIEF
(Withdrawal Liability claim against WJL Equities)

115.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "114" of this Complaint as if fully set forth at length herein.

116. As of June 4, 2017, WJL Equities ceased to have an obligation to contribute to the Pension Fund, thereby completely withdrawing from the Pension Fund within the meaning of Section 4203(a) of ERISA (29 U.S.C. Sec. 1383(a)).

117. As a result of its complete withdrawal from the Pension Fund, WJL Equities became liable to the Pension Fund for withdrawal liability in the amount of $231,759.00.

118. By letter dated November 30, 2018 (the "Demand Letter"), the Pension Fund notified WJL Equities of the estimated amount of its withdrawal liability and of the schedule for payment, and demanded payment in accordance with the schedule, as required by Sections 4202 and 4219 of ERISA (29 U.S.C. Secs. 1382 and 1399).

119. By letter dated February 4, 2019 (the "Default Letter"), the Pension Fund notified WJL Equities that it had failed to make any payments to the Pension Fund pursuant to the Demand Letter, and that if such failure was not cured within sixty (60) days, WJL Equities would be deemed in default.

120. WJL Equities failed to cure the default within sixty (60) days after the Notice of Default.

121. WJL Equities did not initiate arbitration pursuant to 29 U.S.C. Sec. 1401 of ERISA to resolve any dispute concerning the withdrawal liability it owes the Pension Fund.

122. Accordingly, under 29 U.S.C. Section 1399(c)(5), all payments required by the assessment, in the total amount of $231,759.00 became immediately due.

123. WJL Equities is liable to the Pension Fund in the amount of $231,759.00, plus interest, liquidated damages, costs and disbursements, and reasonable attorney's fees.

AND FOR A NINTH CLAIM FOR RELIEF
(withdrawal liability claim against WJL Corporation, WJL Construction, CNB Contracting, and ABC Corporations 1-10 for Controlled Group Liability)

124.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "123" of this Complaint as if fully set forth at length herein.

125. By letter dated November 30, 2018 (the "Demand Letter"), the Pension Fund notified WJL Corporation, WJL Construction, and CNB Contracting of the estimated amount of its withdrawal liability and of the schedule for payment, and demanded payment in accordance with the schedule, as required by Sections 4202 and 4219 of ERISA (29 U.S.C. Secs. 1382 and 1399).

126. By letter dated February 4, 2019 (the "Default Letter"), the Pension Fund notified WJL Corporation, WJL Construction, and CNB Contracting that it had failed to make any payments to the Pension Fund pursuant to the Demand Letter, and that if such failure was not cured within sixty (60) days, WJL Corporation, WJL Construction, and CNB Contracting would be deemed in default.

127. WJL Corporation, WJL Construction, and CNB Contracting failed to cure the default within sixty (60) days after the Notice of Default.

128. WJL Corporation, WJL Construction, and CNB Contracting did not initiate arbitration pursuant to 29 U.S.C. Sec. 1401 of ERISA to resolve any dispute concerning the withdrawal liability it owes the Pension Fund.

129. Accordingly, under 29 U.S.C. Section 1399(c)(5), all payments required by the assessment, in the total amount of $231,759.00 became immediately due.

130. Pursuant to Section 4001(b)(1) of ERISA (29 U.S.C. Sec. 1301(b)(1)), WJL Corporation, WJL Construction, CNB Contracting, and ABC Corporations 1-10 are trades or businesses under common control, and constitute a single employer for purposes of withdrawal liability.

131. WJL Corporation, WJL Construction, and CNB Contracting are trades or businesses under common control with WJL Equities, and each are jointly and severally liable for $231,759.00 in withdrawal liability to the Pension Fund plus interest, liquidated damages, costs and disbursements, and reasonable attorney's fees incurred by the Pension Fund.

AND FOR A TENTH CLAIM FOR RELIEF
(Withdrawal liability claim against WJL Corporation, WJL Construction, CNB Contracting, for Single Employer and/or Alter Ego and/or Successorship Liability to WJL Equities)

132.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "131" of this Complaint as if fully set forth at length herein.

133. The Wife and/or Husband principals, owners, managers and comptrollers of WJL Equities, upon information and belief, are the same principals, owners, managers and comptrollers of WJL Corporation, WJL Construction, and CNB Contracting.

134. Upon information and belief, WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting all operated out of the same address. WJL Equities and CNB Contracting share the same phone number in their "Blue Book Building & Construction" listings, and, upon information and belief, the nature of the work performed is identical. WJL Corporation issued benefit fund contribution checks on behalf of WJL Equities.

135. Upon information and belief, Defendants shared the same management, business purpose, operation, equipment, customers, supervision, and ownership.

136. Upon information and belief, Defendants have attempted to avoid the obligations of a collective bargaining agreement and have demonstrated an anti-union animus in an attempt to evade its' union obligations through a sham transaction or a technical change in operations between WJL Equities, WJL Corporation, WJL Construction, and CNB Contracting.

137. Accordingly, WJL Corporation, WJL Construction, and CNB Contracting are single employers/alter-egos and/or the successors of WJL Equities and are each jointly and severally liable for the payment of the Withdrawal Liability assessment to the Pension Fund under the doctrine of single employer/ and or alter-ego liability and/or successorship liability for $231,759.00 plus interest, liquidated damages, and reasonable attorneys' fees and costs incurred by the Pension Fund,

**WHEREFORE,** Plaintiffs respectfully pray for Judgment as follows:

a.    Against Defendant WJL Equities for the minimum sum of $38,441.67, in unpaid fringe benefit contributions owed to the Funds for the period of November, 2014 through June, 2017, together with interest, attorneys' fees, liquidated damages, auditor fees and court costs and disbursements of this action.

b.    Against Defendant WJL Construction, WJL Corporation, and CNB Contracting for the minimum sum of $38,441.67, in unpaid fringe benefit contributions owed to the Funds for the period of November, 2014 through June, 2017, together with interest, attorneys' fees, liquidated damages, auditor fees and court costs and disbursements of this action.

c.    Against Defendants WJL Construction, WJL Corporation, and CNB Contracting for the judgment against WJL Equities in the amount of $423,770.50 for unpaid benefit fund contributions for the period December, 2013 through October, 2014 together with interest, attorneys' fees, and court costs and disbursements of this action.

d.    Against Defendants Danielle Buenaventura and William Lougheed in the minimum amount of $23,902.67 for deducted monies that were not remitted to the Union for Dues Checkoff and Political Action Fund contributions, together with interest, attorney's fees, court costs and disbursements of this action.

e.    Against Defendants Danielle Buenaventura and William Lougheed in the minimum amount of $2,606.59 for deducted monies that were not remitted to the Legal Services Fund,

together with interest, liquidated damages, attorney's fees, court costs and disbursements of this action.

f.      Against Defendant WJL Equities for $231,759.00 for Withdrawal Liability, together with interest, liquidated damages, costs and disbursements, and reasonable attorney's fees incurred by the Pension Fund.

g.      Against Defendant WJL Corporation, WJL Construction, CNB Contracting, and ABC Corporations 1-10, for $231,759.00 for Withdrawal Liability, together with interest, liquidated damages, costs and disbursements, and reasonable attorney's fees incurred by Pension Fund.

h.      For such other and further relief as the Court deems appropriate.

Dated: Elmsford, New York
       August __, 2019

Respectfully submitted,

BARNES, IACCARINO & SHEPHERD LLP

By: /s/ Michele Joy Harari, Esq._____
    Michele Joy Harari, Esq.
    Barnes, Iaccarino & Shepherd, LLP
    Attorneys for Plaintiffs
    258 Saw Mill River Road
    Elmsford, NY 10523
    (914) 592-1515
    mharari@bislawfirm.com